THE LAW OFFICE OF JOSEPH MAURO, LLC  
631 MONTAUK HIGHWAY STE. 6  
WEST ISLIP, NY  11795  

(631) 669-0921  
(631) 669-5071 fax  

October 9, 2006

Honorable E. Thomas Boyle  
Alphonse M. D'Amato Federal Courthouse  
100 Federal Plaza  
Central Islip, NY 11722  

Re:   **Biggers v. Retrieval Masters Creditor's Bureau, Inc.**, CV–06-361(ERK)(ETB)

Dear Judge Boyle,

   Please accept this letter as a motion to compel the Defendant to produce documents requested by Plaintiff.

   Plaintiff brought this class-action complaint alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. Defendant sent Plaintiff, and many other New York consumers, collection letters that violated the FDCPA. Defendant, in its Answer, asserts the so-called "bona fide error" affirmative defense under 15 U.S.C. §1692k(c), claiming that Defendant's "violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c). The damage provision of the FDCPA provides for class action damages of one percent of Defendant's net worth. 15 U.S.C. § 1692k.

   The Plaintiff served discovery requests to learn: the number of New York consumers to whom Defendant sent the offending collection letter, Defendant's net worth so as to ascertain damages, and the procedures that Defendant claims were in place to avoid sending the unlawful letter.

   Plaintiff served the discovery demands on June 13, 2006. (Exhibit A) Defendant objected to every Request and has not produced any documents. (Exhibit B)

   On July 12, 2006, I held a Local Rule 37.3 telephone conference with Defendant's attorney, Jonathan Elliot, Esq. He informed me that notwithstanding his objections, he would send me documents within ten days. But I received nothing. On July 28, 2006, I followed up by sending Mr. Elliot a letter asking when I would receive the documents he had promised. (Exhibit C) On August 10, 2006, I called Mr. Elliott again and asked about the documents. He promised that he would send documents the following week. But again, I received nothing. On August 29, 2006, I sent Mr. Elliott another letter, again asking when I would receive the now thrice-promised documents. But still I received nothing. (Exhibit D) Finally, on September 1, 2006, I called Mr. Elliott to ask again about the documents. Again he informed me that he would get the documents out the following week. To date, I have not received any documents in response to Plaintiff's discovery demands. Accordingly, Plaintiff

moves to compel production and impose sanctions, in the form of attorney fees and costs, upon Defendant.

### Plaintiff's Requests

Because Defendant has objected to every demand, and has not produced *any* documents, I will refrain from listing each specific demand and response, and refer the Court to the attached documents.

Plaintiff's requests can, however, be broken down into three general categories:

A.   Documents concerning the Defendants interaction with the Plaintiff;

B.   Documents concerning Defendant's net worth; and

C.   Documents concerning the "reasonable procedures" that the Defendant claims to have in place to avoid the "bona fide error" Defendant claims to have made.

**A.   Documents concerning the Defendant's interaction with the Plaintiff (Plaintiff's requests #1, #2, #3, #4, #5, #28, #33).**

Defendant was attempting to collect an alleged debt from the Plaintiff. Plaintiff alleges the Defendant violated the law in its attempts to collect the alleged debt. Plaintiff has asked for copies of the documents Defendant has in its file relating to its debt-collection attempts. The requested information directly relates to the issue of liability. But Defendant has objected to these requests, claiming that they are overly broad, unduly burdensome, intended to annoy, oppress and/or harass, and even though Defendant is not an attorney, that they impinge on attorney-client privilege! Defendant has not even produced the basic account notes that debt collectors keep on each account. These document requests are not in any way overly broad, oppressive, or harassing, and are directly relevant to the FDCPA claim. See *Yancey v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998); *Boutvis v. Risk Mgmt.Alternative, Inc.*, 2002 U.S. Dist. LEXIS 8521 (D. Conn 2002); *Kimbro v. I.C. Systems Inc.*, 2002 WL 1816820 (D. Conn 2002. Moreover, the case law directing that these records must be disclosed is so strong that many FDCPA-defense attorneys routinely turn them over as part of initial Rule 26(a) disclosures in order to facilitate settlement and avoid driving up costs.

**B.   Documents concerning Defendant's net worth (Plaintiff's Requests # 29, 30,31)**

Defendant's net worth is clearly discoverable; it is in fact required to ascertain the proper damages. For example, in the Eastern District of New York case of *Mailloux v. Arrow Financial Services, LLC*, 2002 WL 246771 (EDNY 2002), Plaintiff sought Defendant's financial documents including tax returns and financial reports. Magistrate Judge Robert M. Levy, held as follows:

> under FDCPA, net worth is an absolute cap on all recovery to the class and thus critical to a determination of potential damages. Thus, the materials plaintiff seeks are unquestionably relevant and discoverable. In any event, plaintiff need not accept defendant's interpretation of its financial data through representations in an affidavit, but is entitled herself to examine the data underlying defendant's statement of net worth. (Exhibit E)

Id. See also, Yancey v. Hooten, 180 F.R.D. 203 (D. Conn. 1998)

### C. The "reasonable procedures" that the Defendant claims to have had in place to avoid the "bona fide error" Defendant claims to have made.
(Plaintiff's Requests # s 7, 8, 9, 10, 11, 12, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 32, 34, 35)

Defendant contends to have made a "bona fide error" notwithstanding the fact that it had reasonable procedures in place to avoid such error. This is an affirmative defense enumerated in the FDCPA. 15 U.S.C. §1692k(c). Defending against this claim requires learning what procedures, if any, Defendant had in place to prevent FDCPA violations. See Yancey v. Hooten, 180 F.R.D. 203; Boutvis v. Risk Mgmt. Alternative, Inc., 2002 U.S. Dist. LEXIS 8521; Kimbro v. I.C. Syst. Inc., 2002 WL 1816820; Trevino v. ACB American, Inc., 232 F.R.D. 612, 618-19 (N.D.Cal. 2006) ("[I]nternal reports, memos, operation manuals and procedures on the use of the collection notices and how to ensure that those notices comply with the FDCPA are relevant to this case, particularly to the defendants' asserted good faith defenses."). But instead of producing training manuals and other documents concerning its procedures, Defendant has objected to *all* of the Plaintiff's requests regarding this information and produced nothing.

Respectfully,

*/s/ Joseph Mauro*

cc: Jonathan D. Elliot, Esq. (Via ECF)
Brian L. Bromberg, Esq. (Via ECF)
Lance A. Raphael, Esq. (Via ECF)